Donna M. Meyers
DELANEY WILES, INC.
1007 W. 3rd Ave., Ste. 300
Anchorage, AK 99501
Telephone: 907-279-3581
Facsimile: 907-277-1331
E-mail: dmm@delaneywiles.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MARK W. ENGELKE, MICHELLE ELIZABETH BREW-ENGELKE, individuals, and ORION ENTERPRISES, INC., d/b/a DOWNTOWN CHEVRON,<br><br>                    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, U. S. DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:20-cv-_____<br>) |

## **COMPLAINT**

COME NOW Plaintiffs, Mark W. Engelke and Michelle Elizabeth Brew-Engelke, as individuals, and Orion Enterprises, Inc. d/b/a Downtown Chevron (collectively "Downtown Chevron"), by and through their counsel, Delaney Wiles, Inc., and hereby file this Complaint seeking judicial review of the April 20, 2020 Final Agency Decision of the Defendant U.S. Department of Agriculture (USDA) that permanently disqualifies

Downtown Chevron from participating as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP"). Plaintiffs assert, allege, and aver as follows:

## PARTIES

1. Plaintiffs Mark W. Engelke and Michelle Elizabeth Brew-Engelke are residents of Anchorage, Alaska.

2. Mark W. Engelke and Michelle Elizabeth Brew-Engelke are Shareholders and Officers of Orion Enterprises, Inc., a corporation organized and in good standing under the laws of the State of Alaska with its principle place of business in Anchorage that does business as Downtown Chevron located at East 6th Avenue in Anchorage. (Plaintiffs are collectively referred to as "Downtown Chevron.")

3. Defendant is the United States of America, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "U.S.D.A." or "Department"), and its subservice, the Food and Nutrition Service ("FNS").

## JURISDICTION AND VENUE

4. This action seeks judicial review of Downtown Chevron's permanent disqualification from eligibility to participate as an authorized retailer in the Supplemental Nutrition Assistance Program, as codified under 7 U.S.C. §§ 2011-2036 (c).

5. Plaintiffs are entitled to seek judicial of the Final Agency Decision ("FAD") under 7 U.S.C. § 2023 and 7 C.F.R. § 279.7.

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Complaint**
*Engelke, et al. v. USA, Dep't of Agriculture, Food & Nutrition Serv.,* Case No. 3:20-cv-_____
Page 2 of 10
Case 3:20-cv-00117-JWS   Document 1   Filed 05/22/20   Page 2 of 10

6.  Jurisdiction is proper under 28 U.S.C. § 1331 since this Court has original jurisdiction over civil actions arising under the laws of the United States for which the aforementioned statute and regulation qualify.

7.  Venue is appropriate in this District pursuant to 7 C.F.R. § 279.7(a), 7 U.S.C. § 2023(a)(13) and (15), and 28 U.S.C. § 1391(b) since Mark W. Engelke and Michelle Elizabeth Brew-Engelke reside in Anchorage and they own and operate the Downtown Chevron in Anchorage, Alaska and the facts giving rise to the circumstances herein incurred in the District of Alaska.

## GENERAL ALLEGATIONS

8.  Mark W. Engelke and Michelle Elizabeth Brew-Engelke have owned and operated the Downtown Chevron at East Sixth Avenue in Anchorage, Alaska for the last 16 years. The Downtown Chevron is a combination of a self-service gas station that is open 24 hours a day, 7 days a week for pre-payment at the gas pumps, and a convenience store that is open year-round, 7 days a week, from 5:00 a.m. until 1:00 a.m.

9.  Downtown Chevron is located near several low-income projects, and approximately 0.6 miles from a homeless shelter, which is the Brother Francis Shelter for the Homeless. It is also located near areas where homeless individuals sometimes congregate in make-shift homeless camps. The outdoor homeless camps can exist all year round, and sometimes they are within short walking distances of the Downtown Chevron.

10.  Many of Downtown Chevron's repeat customers are from the nearby low-income projects, homeless camps, and Bean's Café, a community kitchen located on the

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Complaint**
*Engelke, et al. v. USA, Dep't of Agriculture, Food & Nutrition Serv.,* Case No. 3:20-cv-_____
Page 3 of 10
Case 3:20-cv-00117-JWS   Document 1   Filed 05/22/20   Page 3 of 10

property of the Brother Francis complex that serves adults, families, and children in need with free meals and other services to support the homeless and hungry who come to Anchorage. Downtown Chevron is located on the northbound side of Alaska Route 1 to the Glenn Highway, the only major road into and out of Anchorage, and therefore, its customers include commuters and travelers living north and south of Anchorage, as well as individuals who live in their cars, trucks, vans, and motorhomes.

11. Downtown Chevron's business includes a commercial storefront consisting of approximately 2,500 square feet, and the majority of the square footage is dedicated to retail sales of food market items, focusing mostly on convenience food items, including snacks, soft drinks, and some convenience groceries, such as fresh salads, fruit cups/bowls, and bananas sold from a chilled unit and canned meat/poultry/fish and vegetables and condiments sold from a 12-foot grocery aisle. The store also sells items falling within the categories of breads and grains, such as loaf bread, cereal (large and small boxes), pasta, rice, flour, and oatmeal.

12. Downtown Chevron became an authorized retailer for the SNAP on October 15, 2010. Over the next nine years, the store was reauthorized as a SNAP retailer and never received a warning letter, disciplinary action, or any other correspondence from U.S.D.A. which would indicate that the store was somehow improperly accepting benefits or otherwise operating the program incorrectly.

13. In a letter dated November 6, 2019, the U.S.D.A. Retailer Operations Division (the "Division") charged Downtown Chevron with trafficking, as defined in

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Complaint**
*Engelke, et al. v. USA, Dep't of Agriculture, Food & Nutrition Serv.,* Case No. 3:20-cv-_____
Page 4 of 10
Case 3:20-cv-00117-JWS   Document 1   Filed 05/22/20   Page 4 of 10

Section 271.2 of the SNAP regulations. **Exhibit A.** The Division based the trafficking violations on an analysis of Electronic Benefit Transfer (EBT) transactions from February 2019 through July 2019. The Division alleged the data had established a series of irregular SNAP transaction patterns during the months of February 2019 through July 2019 that were indicative of trafficking. Specifically, the Division alleged the EBT data supported two violations: (1) multiple transactions were made from the accounts of individual SNAP households within a set time period; and (2) large transactions were conducted considering the observed store characteristics and recorded food stock.

14. Downtown Chevron requested an extension of time to respond to the November 6, 2019 Charging Letter, which was granted until December 2, 2019. **Exhibit B.**

15. Downtown Chevron replied to the charges on November 27, 2019, denying the allegations of trafficking, confirming its compliance with the SNAP regulations, and explaining the client population it serves and their typical pattern of purchases from the store that were reflected by the pattern of the EBT transactions cited in the charging letter. **Exhibit C.**

16. The Division issued a determination letter dated December 23, 2019, informing Downtown Chevron that it was permanently disqualified from the SNAP pursuant to 7 C.F.R. § 278.6(c) and § 278.6(e)(1) and that Downtown was not eligible for a trafficking Civil Monetary Penalty because it failed to submit sufficient evidence to

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Complaint**
*Engelke, et al. v. USA, Dep't of Agriculture, Food & Nutrition Serv.,* Case No. 3:20-cv-_____
Page 5 of 10
Case 3:20-cv-00117-JWS   Document 1   Filed 05/22/20   Page 5 of 10

demonstrate that the firm had established and implemented an effective compliance policy and program to prevent violations of the SNAP. **Exhibit D.**

17. Downtown Chevron timely appealed the Division's determination and requested an administrative review on January 2, 2020. **Exhibit E.**

18. Downtown Chevron timely submitted its administrative appeal and the U.S.D.A. issued the Final Agency Decision dated April 20, 2020, which it emailed to Downtown Chevron's counsel on April 22, 2020. **Exhibit F**.

19. This Complaint is filed timely to seek judicial review of the U.S.D.A.'s Final Agency Decision to permanently disqualify Downtown Chevron from participating as a SNAP retailer.

## Count I

### (Trial de Novo 7 U.S.C. § 2023)

20. Downtown Chevron incorporates and restates each and every paragraph set forth above as though fully set forth herein.

21. Downtown Chevron, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7 has the right to, and hereby does, request a judicial review of the permanent disqualification issued by the Defendant against Downtown Chevron.

22. The initial administrative decision, in addition to the Final Agency Decision rendered upon the Administrative Appeal, errantly found that Downtown Chevron had committed trafficking as a result of its use of an algorithm/computer program which arbitrarily determined that the Plaintiffs' EBT transactions were inherently suspicious.

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Complaint**
*Engelke, et al. v. USA, Dep't of Agriculture, Food & Nutrition Serv.,* Case No. 3:20-cv-_____
Page 6 of 10
Case 3:20-cv-00117-JWS   Document 1   Filed 05/22/20   Page 6 of 10

23. However, at a minimum the preponderance of the evidence indicated that the algorithm/computer program failed to take into account the business practices of Downtown Chevron, and the pricing structure maintained by the store for SNAP eligible items, and the specialized clientele who shop at the store.

24. As a result, the Defendant relied solely on assumptions resulting from the data in its possession, and summarily disregarded the plausible and likely explanations provided by Downtown Chevron.

25. As such, the Defendant, acting through its department and sub-departments in the U.S.D.A., improperly and impermissibly permanently disqualified Downtown Chevron from participation in the SNAP.

26. Therefore, the permanent disqualification against the Plaintiffs should be set aside by this Court and Downtown Chevron's status as an approved SNAP retailer should be reinstated.

## Count II

### (Unlawful Disqualification from Civil Money Penalty In Lieu Of Permanent Disqualification)

27. Downtown Chevron incorporates and restates each and every paragraph set forth above as though fully set forth herein.

28. Under 7 U.S.C. § 2021 (b)(3)(B), an innocent owner charged with trafficking is eligible for a civil money penalty in lieu of permanent disqualification "if the Secretary determines that there is substantial evidence that [the] store...had an effective policy and program in effect to prevent violations of the [statute] and the

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Complaint**
*Engelke, et al. v. USA, Dep't of Agriculture, Food & Nutrition Serv.*, Case No. 3:20-cv-_____
Page 7 of 10

regulations..." The Secretary, however, has refused to exercise the discretion mandated by Congress and had promulgated regulations that directly contravene the letter and the spirit of the statutory provision.

29. The Division notified Downtown Chevron in the Charging Letter of November 6, 2019 that it could request "a trafficking civil money penalty (CMP) in lieu of a permanent disqualification within ten days of receipt under the conditions specified in 7 CFR § 278.6(i)." As worded, the Division's letter indicated that Downtown Chevron could request a trafficking CMP, and thereby acknowledge the violations and pay a minimum fine of $59,000. The Charging Letter also indicated Downtown Chevron would need to meet the conditions specified in 7 CFR § 278.6(i), which create onerous requirements for written materials and record-keeping. These requirements, which are given the misnomer "criteria," must be satisfied in toto if a store is to become eligible for a civil penalty. The unfairness of the regulations is exacerbated by the failure of the Secretary to notify store owners of the strict liability rule and its consequences; the permanency of the disqualification; and the rigid criteria that must be satisfied.

30. The regulations in 7 CFR § 278.6(i) contravene the express intent of Congress and are therefore invalid. The regulations also violate the Due Process Clause of the Fifth Amendment in that said regulations are unfair and flout the law, and trammel upon important property rights. Finally, the regulations are arbitrary, capricious and otherwise contrary to the spirit of the implementing statute of the SNAP.

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Complaint**
*Engelke, et al. v. USA, Dep't of Agriculture, Food & Nutrition Serv.,* Case No. 3:20-cv-_____
Page 8 of 10
Case 3:20-cv-00117-JWS   Document 1   Filed 05/22/20   Page 8 of 10

31. As a consequence of the failure of the Charging Letter of November 6, 2019 to adequately inform Downtown Chevron of its eligibility to request a CMP and to deny culpability for trafficking and the invalidity of the regulations in 7 CFR § 278.6(i), Downtown Chevron was deprived of the right and opportunity to demonstrate that the firm had established and implemented an effective compliance policy and program to prevent violations of the SNAP.

32. The Final Agency Decision denying a trafficking CMP should be reversed and Downtown Chevron should be given the opportunity to demonstrate that it had established and implemented an effective compliance policy and program to prevent violations of the SNAP.

**WHEREFORE**, Plaintiffs seek the following relief:

1. For an order granting Downtown Chevron a hearing *de novo* of Defendant's Final Agency Decision;

2. For an order setting aside Defendant's Final Agency Decision permanently disqualifying Downtown Chevron from participation as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP);

3. For an order setting aside Defendant's Final Agency Decision denying Downtown Chevron's eligibility for a CMP;

4. For an order awarding Downtown Chevron, to the extent provided under the law, such attorney's fees and costs of maintaining this action as are allowed; and

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Complaint**
*Engelke, et al. v. USA, Dep't of Agriculture, Food & Nutrition Serv.,* Case No. 3:20-cv-_____
Page 9 of 10
Case 3:20-cv-00117-JWS   Document 1   Filed 05/22/20   Page 9 of 10

5. For such other and further relief as the Court would grant Downtown Chevron in its discretion.

DATED this 22nd day of May, 2020, at Anchorage, Alaska.

    DELANEY WILES, INC.
    Attorneys for Plaintiffs

    s/Donna M. Meyers
    1007 W. 3rd Ave., Ste. 300
    Anchorage, AK 99501
    Phone: 907-279-3581
    Fax: 907-277-1331
    Email: dmm@delaneywiles.com
    AK Bar Assoc. No. 9006011

4819-2140-0252, v. 1

DELANEY WILES, INC.
SUITE 300
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
99501
(907) 279-3581
FAX (907) 277-1331

**Complaint**
*Engelke, et al. v. USA, Dep't of Agriculture, Food & Nutrition Serv.,* Case No. 3:20-cv-_____
Page 10 of 10
Case 3:20-cv-00117-JWS   Document 1   Filed 05/22/20   Page 10 of 10