BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Chief, Civil Division
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Steven.Skrocki@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK W. ENGELKE, MICHELLE ELIZABETH BREW-ENGELKE, individuals, and ORION ENTERPRISES, INC., d/b/a DOWNTOWN CHEVRON,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE,<br><br>Defendant. | Case No. 3:20-cv-00117-JWS |

**ANSWER TO THE COMPLAINT**

Defendant United States of America, through counsel, hereby answers the Complaint against it as follows:

## PARITES

1. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 1 and therefore denies the allegations.

2. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 2 and therefore denies the allegations.

3. Defendant admits the allegations contained in paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 is a statement of law to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 4.

5. Paragraph 5 is a statement of law to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 5.

6. Paragraph 6 contains a statement of jurisdiction to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 6.

*ENGELKE et al. v. USA et al.*
Case No. 3:20-cv-00117-JWS          Page 2 of 7

7. Paragraph 7 contains a statement of venue to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 7.

## GENERAL ALLEGATIONS

8. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 8 and therefore denies the allegations.

9. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 9 and therefore denies the allegations.

10. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 10 and therefore denies the allegations.

11. Defendant admits that Downtown Chevron sells food market items, focusing mostly on convenience food items, including snacks, soft drinks, and some convenience groceries. Defendant lacks sufficient knowledge or information regarding the remaining allegations in paragraph 11 to form a belief about the truth of the allegations and therefore denies them on that basis.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant admits the allegations contained in paragraph 13.

14. Defendant admits the allegations contained in paragraph 14.

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant admits the allegations contained in paragraph 16.

17. Defendant admits the allegations contained in paragraph 17.

18. Defendant admits the allegations contained in paragraph 18.

19. Defendant admits the allegations contained in paragraph 19.

## COUNT 1

20. Paragraph 20 is not an allegation of fact to which a response is required. To the extent a response is required, Defendant denies the allegations contained therein.

21. Paragraph 21 is a statement of law to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

## COUNT II

27. Paragraph 27 is not an allegation of fact to which a response is required. To the extent a response is required, Defendant denies the allegations contained therein.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29. Defendant affirmatively avers that every storeowner who participates in the SNAP program is required to familiarize themselves with the rules and regulations surrounding the program.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

The paragraphs beginning with "**WHEREFORE**" following paragraph 31, contains Plaintiffs' prayer for relief to which no answer is required. To the extent a response is required, Defendant specifically denies each and every allegation. Further, Defendant denies that Plaintiffs are entitled to any relief sought.

Defendant denies any, and all allegations not expressly admitted in this answer.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs cannot establish by a preponderance of the evidence that the charged violations did not occur.

3. Defendant's decision to permanently disqualify Plaintiffs from participating as an authorized retailer in SNAP was consistent with the evidence and governing SNAP regulations.

4. The penalty imposed on Plaintiffs was consistent with the evidence and governing SNAP regulations, and was not an abuse of discretion.

5. Plaintiffs did not timely request consideration of a civil money penalty in lieu of a permanent disqualification and did not timely submit documentation and evidence of its eligibility for a civil money penalty in lieu of a permanent disqualification.

WHEREFORE, Defendant United States prays for relief as follows:

1. For dismissal of Plaintiff's Complaint against the Defendant with prejudice;

2. For entry of judgment in favor of the Defendant;

3. That Plaintiff take nothing from this action against the

Defendant;

4. That the Defendant be awarded costs and fees for defending this action; and

5. For all other relief that the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 2nd day of October 2020, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Steven E. Skrocki
Chief, Civil Division
Attorney for the Defendant

**CERTIFICATE OF SERVICE**
I hereby certify that on October 2, 2020,
a copy of the foregoing was served electronically to:

Andrew Tapp

s/ Steven E. Skrocki
Office of the U.S. Attorney