ANDREW Z. TAPP (FBN 68002)
Pro Hac Vice
Metropolitan Law Group, PLLC
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
Telephone: (813) 228-0658
Facsimile:  (813) 330-3129
Email: andrew@metropolitan.legal

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK W. ENGELKE, MICHELLE ELIZABETH BREW-ENGELKE, Individuals, and ORION ENTERPRISES INC., d/b/a DOWNTOWN CHEVRON,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:20-cv-00117-JWS<br>) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO PERMIT DISCOVERY AND TO AMEND THE ADMINISTRATIVE APPEAL SCHEDULING ORDER**

I.    INTRODUCTION

Summary of the Plaintiff's Position

This matter is brought for a trial *de novo* Judicial Review pursuant to 7 U.S.C.

*Engelke, et al. v. USA, et al.*        Page **1** of **8**
Case No. 3:20-cv-00117-JWS
Case 3:20-cv-00117-JWS   Document 20-1   Filed 10/20/20   Page 1 of 8

§2023(a)(13)-(15), and not as a part of the Administrative Procedure Act's Judicial Review of an agency action (5 U.S.C. §702). The Judicial Review of a USDA SNAP retailer disqualification contemplated by Congress operates under a different framework than 5 U.S.C. §702 in that Congress specifically sets out that these Judicial Reviews do not operate within the limited scope of the Administrative Record, and that District Courts have *trial de novo* jurisdiction over the case. See 7 U.S.C. §2023(a)(15). The difference between this Judicial Review and those conducted under the APA is that there has not been an evidentiary hearing in these proceedings, there are no administrative law judges involved in this action, nor has there been an opportunity for cross examination of the Department's evidence until the Judicial Review.

As such, the Plaintiffs are not necessarily going to file a motion for summary judgment. In the interest of judicial economy (and to avoid filing unnecessary 56(d) declarations in the event the Defendant chooses to file a motion for summary judgment), this matter is best set for a traditional discovery schedule with dispositive motions and trial (where appropriate) thereafter.

## II. CASE HISTORY

The Supplemental Nutrition Assistance Program (SNAP), formerly known as the "Food Stamp Program," is responsible for providing monetary benefits to poor families for the sole purpose of permitting them to purchase food, and is codified at

7 U.S.C. §§2011-2036(c).  The United States Department of Agriculture is tasked with overseeing the program, which in pertinent part involves the authorization and disqualification of participating SNAP retailers.  The Plaintiffs were an authorized SNAP retailer prior to this matter.

On November 6, 2019, the USDA, through the FNS, sent the Plaintiffs a Charge Letter pursuant to 7 U.S.C. §2021 and 7 C.F.R. §278.6, alleging a series of violations on the part of the Plaintiffs in their acceptance of SNAP benefits from participants.  The transaction Scan categories listed by the Defendant in support of its allegations occurred between February 2019 and July 2019.

The Plaintiffs denied and defended against the Charge Letter, but on December 23, 2019, they were permanently disqualified from SNAP.  As a result, the store lost a considerable portion of its gross revenue (including revenue derived from SNAP) and a substantial portion of its clientele.

Accordingly, the Plaintiffs filed an Administrative Review as permitted by 7 U.S.C. §2023(a)(3)-(5) and 7 C.F.R. §279 and presented arguments and evidence in support of their position.  The Plaintiffs, however, were not aware as to the basis for the original disqualification was made (the letter informing them of the original decision is silent as to the basis for such determination), and so presented evidence and arguments as best as they could guess where the issues were.  The Administrative Review was denied (on the grounds that the Plaintiffs had presented

inadequate evidence to rebut the Governments undisclosed evidence), giving rise to this action.

Throughout the entirety of the Administrative Proceedings, the Plaintiff had no access to the Administrative Record at all, which is the practice of the Defendant. It wasn't until the Protective Order was issued on October 1, 2020 (ECF Doc. No. 14) that they were finally provided with a copy. The proceedings administratively to this point have been informal in nature, bereft of a formal Administrative Record and without the benefit of an Administrative Law Judge or an evidentiary presentation (or opportunity to rebut).

Accordingly, the Plaintiffs require discovery to adequately prepare their case and present their claim to the Court.

## III.    STATUTORY STRUCTURE & LEGAL ARGUMENT

As noted in 7 U.S.C. §2023, this Judicial Review is not the average Administrative Procedures Act appeal. See *Ramirez vs. United States*, 514 F.Supp 759, 763 (D.P.R. 1981):

> "The trial de novo provision of 7 U.S.C. Sec. 2023 is broader than the review standard provided in the Administrative Procedure Act, 5 U.S.C. Sec 500 et seq., since it requires the Court to examine all the issues raised and not merely to determine whether the administrative findings are supported by substantial evidence on the record. The Court must reach its own factual and legal conclusions and is not limited to matters considered in the administrative proceedings." Citing *Modica vs. United States*, 518 F.2d 374, 376 (5th Cir. 1975). See also *Saunders vs. U.S.*, 507 F.2d 33, 36 (6th Cir. 1974) (holding that §2023 requires a reexamination of the entire

matter in which the Court should make its own findings of fact.)

A structural comparison of 5 U.S.C. Chapter 7 Judicial Review and 7 U.S.C. §2023 lays bare the differences between Congress' approach to standard Administrative Practice Act Judicial Reviews and the review presently before the Court. The APA's Judicial Review scope is set out in 5 U.S.C. §706:

> "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> 1. compel agency action unlawfully withheld or unreasonably delayed; and
>
> 2. hold unlawful and set aside agency action, findings, and conclusions found to be—
>
>     A. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
>     B. contrary to constitutional right, power, privilege, or immunity;
>
>     C. in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
>     D. without observance of procedure required by law;
>
>     E. unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
>     F. unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
>
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due

account shall be taken of the rule of prejudicial error."

This regulation specifically lists the circumstances under which the Court may take action, limiting the review to the record alone. Conversely, 7 U.S.C. §2023 sets no specific circumstances or findings that the Court needs to make in a 7 U.S.C. §2023(a)(15), save for the "validity" of the disqualification. The language of 7 U.S.C. §2023(a)(13)-(16) reads as follows:

> "**(13)** If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.
>
> **(14)** The copy of the summons and complaint required to be delivered to the official or agency whose order is being attacked shall be sent to the Secretary or such person or persons as the Secretary may designate to receive service of process.
>
> **(15)** The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue, except that judicial review of determinations regarding claims made pursuant to section 2025(c) of this title shall be a review on the administrative record.
>
> **(16)** If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence."

The language within subsection (a)(15) indicates that only claims under 2025(c) (which is unrelated to this case, although does involve administrative law judges) are to be reviewed on the record alone, implying that the District Court is

intentionally not limited to the A.R.  Furthermore, Congress' choice in the phrase "trial de novo" indicates that Congress intended the District Court to conduct the matter as it would any normal civil litigation, with the discovery tools, dispositive motions and trial afforded to such cases.

Therefore, it is the Plaintiffs' belief that this matter is best set for a regular discovery, dispositive motion and trial schedule.

## V.    CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court set an appropriate discovery schedule, so as to avoid any unnecessary delays or wasted judicial resources that may be associated with the presently set Administrative Appeal Scheduling Order.

RESPECTFULLY SUBMITTED this 20th day of October, 2020, in Tampa, Florida.

METROPOLITAN LAW GROUP, PLLC

*/s/ Andrew Z. Tapp*
ANDREW Z. TAPP, ESQ.
Florida Bar No.: 68002
*Pro Hac Vice*
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
(813) 228-0658
Andrew@Metropolitan.legal
LaJeana@Metropolitan.legal

COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I Hereby Certify that on October 20, 2020,
a true and correct copy of foregoing pleading
was filed electronically with the Clerk of the
Court using the CM/ECF filing system, which
will provide notice of this filing to counsel
for Defendant:

Steven E. Skrocki, Esq.
Steven.Skrocki@usdoj.gov

*/s/ Andrew Z. Tapp*
ANDREW Z. TAPP, ESQ.
*PRO HAC VICE*